Gardiner, J.
The fourth cause of demurrer assigned is, that “the complaint does not state facts sufficient to constitute a cause of action.”
Enough appears upon the complaint itself to show the precise nature of the trust, and that it has been completely executed by the trustee.
He has refused to convey the legal title to the cestui que trust, or to his appointee, because.his instructions were “to take a deed in his own name, and hold the same in trust generally for James Mason.” A conveyance to the latter, or to the plaintiff by his order, would contravene a plain duty, and the whole purpose and object of the trust..
A cestui que trust, observes Judge Story, may call upon his trustee for a conveyance to execute the trust (2 Story's Eq. Jur., % 979); but the call in this complaint is for the defendant to go beyond the trust, and violate its whole spirit.
It is said that the instructions of the elder Mason, and the receipt of the deed by the defendant, in his own name, created a resulting trust in favor of James Mason; and we are referred to Story's Equity (§ 1210), as authority for the posi *271 tion. The author is there speaking of implied trusts, and remarks that “if a trustee authorized to purchase lands for his beneficiaries, should take the deed in his own name, without a declaration of trust, equity, in such case, would decree the property to be held as a resulting trust.” But the learned author does not say that where the trustee is expressly directed by the trust itself to take and hold the conveyance in his own name, that such an implication would exist. A resulting trust arises by implication of law, from the presumed intent of the parties. In the case supposed, which is this case, there is no room for presumption. The creator of the trust has spoken, and the trustee has literally complied with his instructions. There is not an element in the case necessary to constitute a resulting trust, either at common law, or under the Revised Statutes. (1 R. S., 728, ^ 51, 52.)
I have so far considered the transaction as an express trust, which if declared in writing would be valid at common law.
But it obviously is not of the class of express trusts retained and authorized by § 55 of the Revised Statutes. By the 60 th section of the act, the trusts created according to the previous provision, vest the whole estate, legal and equitable, in the trustee. (1 R. S., 729, § 60.) Here the plaintiff avers, that by the conveyance to the defendant, the whole title to those premises vested in James Mason. It follows that the plaintiff’s title to relief, according to the case made by the complaint, rests upon the provisions of the 47th and 49th sections of the act in relation to uses and trusts. (1 R. S., 727, %% 47, 49.)
The statement in the pleading is, that the defendant by the conveyance to him, took “No estate in the premises, but that the estate, both legal and equitable,” vested in the beneficiary “ absolutely.”
If these averments are true, the plaintiff requires no aid from any court. He has succeeded to the rights of James Mason, and consequently has the whole estate. The defend *272 ant has nothing to convey; for I am unable to comprehend how he can be said to hold the legal title to these premises without any estate, legal or equitable, in them. If the, pleader means by “ legal title,” the title apparently accruing to the defendant under the deed to him; which thus, in the language of the complaint, “ becomes a cloud upon the title of James Mason,” the answer to this suggestion will be: That it was the design of the statute to supersede the necessity of a conveyance from the nominal trustee, by carrying the title at once to the beneficiary; That there is no allegation, even upon belief, that the defendant designs or has it in his power, to do any act to the prejudice of the real owner of the land; Because there is no privity between the defendant and James Mason, or his assignee, except though the alleged trust. If the plaintiff claims under the trust, the defendant, as we have seen, has discharged his whole duty as trustee, and is not responsible to any one. If he repudiates it, and insists that by “force of the statutes,” the whole interest legal and equitable vested in James Mason, the plaintiff, as the assignee of the beneficiary, obtains an estate in the premises which the donor never intended that his son should receive. The plaintiff’s right is therefore stricti juris. He must be content with what the law, on grounds of public policy, gives him. The trustee owes him no duty. Nor can we imply from the statute, which vests the whole estate in the donee, a covenant for further assurance in favor of the plaintiff, against the defendant,- as.the original grantee of the premises.
Without expressing any opinion upon the other question in the case, I think for the reasons suggested, that the judgment of the superior court should be affirmed.
McCouií, J., took no part in the decision.
Buggles, Oh. J., and Foot, J., were for affirmance on the ground of want of jurisdiction in the- court below *273 but the majority of the judges concurred in the above opinion.
Judgment affirmed.